WIGGINS, Justice (dissenting). I once again dissent to - any sanction short of revocation. See Iowa Supreme Ct. Att’y Disciplinary Bd. v. Powell (Powell II), 830 N.W.2d 355, 360-64 (Iowa 2013) (Wiggins, J., dissenting) (calling for the revocation of Powell’s license). For the last twelve years, Powell has managed to use his clients’ funds contrary to our ethical rules. His extensive disciplinary history is as follows. In 2005, Powell received a private admonition for charging an excessive fee to a client.[1] Powell II, 830 N.W.2d at 356 (majority opinion). In 2007, we suspended Powell’s license to practice law for six months because of his numerous and persistent unethical actions' involving the collection of fees from clients. Iowa Supreme Ct. Att’y Disciplinary Bd. v. Powell (Powell I), 726 N.W.2d 397, 408 (Iowa 2007). In 2010, Powell received another private admonition for failing to make an accounting before withdrawing fees from his trust account. Powell II, 830 N.W.2d at 356. In 2011, we temporarily suspended Powell from practicing law for seven months and appointed a trustee to take control of his trust account in response to his various trust violations. Id. at 356, 359-60. At the time, the trustee determined his trust account was short approximately $43,000. Id. at 356. In 2013, we imposed a three-month suspension for the same trust account violations that led to his interim suspension in 2011. Id. at 359-60. Within nine months of his most recent reinstatement, Powell once again flouted our rules of professional conduct. It is apparent to me that Powell’s practice of law does not generate enough income to support his practice or his lifestyle. This case is similar to Iowa Supreme Court Board of Professional Ethics & Conduct v. Beckman, 674 N.W.2d 129 (Iowa 2004). There, we said, Based on the serious and repetitive nature of Beckman’s ethical violations, we think he is not fit to practice law. For the same reason, we harbor no hope that he will understand and meet his ethical responsibilities in the future. Therefore, the only way in which the public can be protected is by revocation of his license. This sanction is necessary, not only to protect the public, but also to protect the reputation of the bar as a whole. Id. at 139 (citations omitted). Here, Powell found a way to use his clients’ assets for personal gain. Although he did not convert his clients’ funds, his unethical conduct allowed him to gain access over the funds. This conduct is similar to the conduct for which we previously disciplined him. Despite the fact that Powell already received discipline, he has continued in his unethical behavior. I am convinced that mere suspension is not enough to deter Powell from committing further questionable conduct. We revoke an attorney’s license based on the nature and severity of the attorney’s conduct. See, e.g., Iowa Supreme Ct. Att’y Disciplinary Bd. v. Green, 888 N.W.2d 398, 405 (Iowa 2016) (revoking the license of an attorney with no prior violations who misappropriated client funds); Iowa Supreme Ct. Att’y Disciplinary Bd. v. Crum, 861 N.W.2d 595, 606 (Iowa 2015) (theft of client funds). Revocation is almost axiomatic when an attorney converts a client’s funds. Iowa Supreme Ct. Att’y Disciplinary Bd. v. Thomas, 844 N.W.2d 111, 117 (Iowa 2014). I am not advocating a three-strike-and-you-are-out rule. However, Powell’s conduct, the similarities to his previous violations, and the repetitive nature of his ethical violations, lead me to conclude he is not fit to practice law. Most important to me is that all of Powell’s violations demonstrate his recurrent improper use of client funds to sustain his law practice. Although he did not outright convert his clients’ funds, he found a way on three separate occasions to access these funds unethically. Furthermore, he appears not to have learned anything from his prior disciplinary proceedings. For the protection of the public, and the integrity of the bar, I would revoke his license. . ‘‘While a prior private admonition is not discipline, we consider it an aggravating factor” in a subsequent disciplinary case. Iowa Supreme Ct. Att’y Disciplinary Bd. v. West, 901 N.W.2d 519, 528, 2017 WL 4078048 (Iowa 2017).